FordHarrison LLP
Terry L. Higham (SBN 150726)
Mohammad B. Shihabi (SBN 337819)
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Tel: (213) 237-2400
Fax: (213) 237-2401
tlhigham@fordharrison.com
mshihabi@fordharrison.com

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Action filed:      08/31/2021<br>Date of Removal:  01/07/2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** THAT Defendant Walmart Inc. (incorrectly sued herein as "Walmart, Inc.," hereinafter, "*Walmart*" or "*Defendant*") files this Notice of Removal pursuant to 28 U.S.C. secs. 1332, 1441 and 1446.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. sec. 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

/ / /

**I.      PROCEDURAL AND VENUE MATTERS**

1.      Plaintiff Juan Jose Diaz, Jr. ("***Plaintiff***") filed a complaint on August 31, 2021, in the Superior Court of California, County of San Bernardino, titled "*Juan Jose Jr. Diaz v. Walmart Inc., and DOES 1 to 10*," Case No. CIVSB2125325 (the "***State Court Action***").   Declaration of Terry L. Higham ("Higham Decl."), ¶ 4, Ex. A.

2.      Pursuant to 28 U.S.C. sec. 1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process and pleadings, and orders served upon Walmart in this action, is attached to the Higham Decl. as **Exhibits A, B and C**.   Higham Decl., ¶¶ 5, 6, 7, 8, Ex. A, B, and C.

3.      On January 7, 2022, Defendants filed an Answer to the State Court Action.   Higham Decl., ¶ 6, Ex. B.

4.      Pursuant to 28 U.S.C. §1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Walmart and/or filed in the State Court Action.   To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of San Bernardino, or served by any party.   Higham Decl. ¶ 8.   Attached here as Exhibit F is a true and correct copy of the Case Summary (docket) for the State Court Action, as it existed on January 7, 2022, which is publicly available from the San Bernardino County Superior Court located at the website of: https://portal.sb-court.org/Portal/Home/WorkspaceMode?p=0.   Higham Decl. ¶ 7, Ex. C.

5.      San Bernardino County, California, is located within the U.S. District Court for the Central District of California, Western Division.   Removal is proper to this Court because the Central District of California, Western Division, is "the district and division embracing the place where such action is pending."   28 U.S.C. secs. 1441(a) and 1446(a).

6.      Defendant is, contemporaneously with this removal, providing written notice of the Notice of Removal's filing to the Clerk of the San Bernardino County

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

- 2 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

Superior Court and will serve a copy of the Notice of Removal on Plaintiff. Defendants are also filing contemporaneously with this Notice of Removal, a civil cover sheet that complies with Local Rule ("L.R.") 3-1 and a separately signed certificate of interested persons and disclosure statement compliant with Rule 7.1 of the Fed. R. Civ. Pro.

## II.   NATURE OF THE SUIT

7.     The Complaint filed in the State Court Action alleges the following causes of action: (1) Discrimination Based on Disability; (2) Hostile Work Environment Harassment; (3) Failure to Prevent Discrimination and Retaliation; (4) Failure to Engage in the Interactive Process; and (5) Failure to Accommodate.

## III.   BASIS FOR REMOVAL: DIVERSITY

8.     A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. sec.1332(a).

9.     "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. sec. 1441(a).

10.     Therefore, a state court action may be removed if: (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Each of these requirements is met in this case.

### A.   Complete Diversity of Citizenship

11.     The second prong to original jurisdiction is that the civil action must be between citizens of different states.   28 U.S.C. sec. 1332(a)(1).   For diversity purposes, an individual is a citizen of her domicile state, which is the place of her true, fixed, and permanent home and principal establishment, to which she has the intention of returning home whenever she is absent from there.  *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001); *see also Lew v. Moss*, 797 F. 2d

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

747, 749-750 (9th Cir. 1986) (physical presence at a given location with the intent to remain there indefinitely).

12.     Diversity of citizenship exists here.   The Ninth Circuit has stated that the determination of an individual party's domicile may involve an evaluation of several factors, with no single factor controlling, including but not limited to:

> "current residence, voting registration and practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration and payment of taxes."

*Lew v. Moss*, 797 F. 2d at 750 (citations omitted).

13.     The presence of these various factors will support a conclusion of physical presence at a location with an intention to remain there indefinitely.   *Lew*, 797 F. 2d at 749-750.   Each factor is not required to be present in a particular case to demonstrate domicile.   *See, e.g., Lew*, 797 F. 2d at 752.   In *Lew*, for example, the presence of several of the *Lew* factors conclusively established a party's domicile.   *Id.*

14.     <u>Defendant Walmart Inc. is an Out-of-State Citizen.</u>   "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."   28 U.S.C. sec. 1332(c)(1).

15.     Defendant is incorporated under the laws of the State of Delaware. Higham Decl., ¶ 9, Ex. D, E.   Defendant's principal place of business is in Arkansas. *See id*.

16.     Accordingly, Walmart Inc. is a citizen of Delaware and Arkansas for diversity purposes.

17.     <u>Plaintiff is a California Domiciliary</u>.   The place where a person lives is properly taken to be her domicile until facts adduced establish the contrary.   *See*

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

*Dist. of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S. Ct. 303, 309-310 (1941). "Domicile," according to the California Elections Code, is defined as the place where the voter resides, where her or her habitation is fixed, and where she or she intends to remain and return to whenever she or she is absent from it.   Elections Code §§ 321, 349, and 2020-2024.   Just as in *Lew v. Moss*, 797 F. 2d at 750, the facts presented here demonstrate that Plaintiff is domiciled within California.

18.   Defendant's regularly maintained business records, including its personnel files, evidence that Plaintiff is a California domiciliary.   For example, among the documents that Defendant obtains from every new hire is the USCIS Form I-9.   Federal law requires every U.S. employer to collect and maintain a USCIS Form I-9 from each individual it hires within the United States.   8 USC sec. 1324a(b).   *See also* https://www.uscis.gov/i-9.   On the Form I-9, each employee must attest to his or her employment authorization.   8 USC sec. 1324a(b).   In submitting the Form I-9, the employee must also present his or her employer with documentation defined by Federal law evidencing the individual's identity and his or her employment authorization.   *Id.*

19.   Consistent with its obligations under federal law and its regular business practices, on information and belief Defendant collected a Form I-9 from Plaintiff. On the Form I-9 Plaintiff attested to his authorization for employment within the United States.   In submitting his Form I-9, Plaintiff also presented to Defendant documentation attesting to his identity, including his residence within Riverside County, California.   *See also* Complaint, at page 1, para. 1.   Plaintiff's place of employment was at Walmart's location in Chino, San Bernardino County California. *See* Complaint, at page 1, para. 2.

20.   Additionally, among Defendant's regular business payroll practices is the electronic deposit of bi-monthly payroll payments.   Consistent with its regular payroll practices and on information and belief, Defendant deposited Plaintiff's bi-monthly paychecks into a California bank account that Plaintiff designated.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

Plaintiff's Complaint provides further evidence that he is a California domiciliary. Exemplifying this point further is his allegation regarding his California residence. *See* Complaint, at page 15, para. 2.   Furthermore, Plaintiff sought and received medical treatment from a medical professional located in California.  *See* Complaint at page 2, para. 7.   These facts establish that Plaintiff is a California citizen for diversity jurisdiction purposes.

21.   Because Plaintiff is a citizen of California and Defendants are citizens of Delaware and Arkansas, complete diversity exists between the parties.

**B.   Amount in Controversy Exceeds $75,000**

22.   A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and may include allegations based on information and belief.  *Carolina Cas. Co. v. Team Equipment Inc.*, 741 F. 3d 1082, 1087-1088 (9th Cir. 2014).   Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart Cherokee Basin Operating Co., LLC v. Owens¸* S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).   As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.   Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question.   In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.  *Id.* (*quoting* House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011).[1]

23.   Here, the Court can reasonably ascertain from Plaintiff's complaint and

---

[1]   The Supreme Court went on to say that "[o]f course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations."  *Dart Cherokee¸* 135 S. Ct. at 554.

his prayer for relief that the amount in controversy exceeds $75,000. *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (removal adequately demonstrated despite the absence of any specific allegation of an amount of damage). Like the *Kroske* decision, Defendant's assertions herein are limited to its preliminary understanding of Plaintiff's claims and data currently available to Defendant. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist. LEXIS 21571, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted).

24.     In *Kroske v. U.S. Bank Corp.*, the Court determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy. *Kroske*, 432 F. 3d at 980. There, the *Kroske* plaintiff claimed an unspecified amount of damages spread over various categories namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Id.*

25.     Here, while Walmart denies any liability to Plaintiff whatsoever, Walmart asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000. For example, Plaintiff began working at Walmart on or about October 19, 2020. Plaintiff alleges that Walmart failed to accommodate his disability, failed to engage in the interactive process, and then unlawfully terminated is employment on or about July 20, 2021. Complaint, at

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

1   page 2, lines 15-28.

2       26.   By this lawsuit and like the plaintiff in *Kroske*, Plaintiff seeks actual,

3   consequential, and incidental losses (including loss of earnings and loss of benefits),

4   recovery for personal injuries, including for humiliation, emotional distress and

5   mental anguish.   *Compare Kroske v. U.S. Bank Corp.*, at 980 and Complaint at

6   Prayer for Relief, page 9, lines 11-12.   He also seeks to recover statutory damages,

7   penalties and restitutionary remedies.   *Id.*, at lines 13-14.   Furthermore, in addition

8   to and on the top of his claims for general and special damages which Plaintiff asserts

9   are in excess of $50,000, he seeks recovery of punitive damages in an amount to

10  "punish [Walmart] and deter others from engaging in similar misconduct."

11  Complaint at Prayer for Relief, page 9, lines 15-16.   A recovery for reasonable

12  attorneys' fees and court costs are a separate and distinct element for Plaintiff's

13  monetary recovery claims.   *Id.*, at page 9, lines 17-18.

14      27.   Plaintiff's employment with Walmart was terminated on or about July

15  20, 2021.   At the time of his termination of employment, Plaintiff was paid

16  approximately $20.25 per hour, and Plaintiff worked approximately 31 hours per

17  week.   Based on these facts, Plaintiff's back wages claim for the 23-week period

18  between the date of his termination and the date of removal is more than $14,438.25.

19  In establishing that the amount in controversy likely exceeds the jurisdictional

20  minimum, Courts in this District regularly consider ***the likely back pay award from***

21  ***the date of the termination until the date of likely judgment***.   *See Garcia v. ACE*

22  *Cash Express, Inc.*, 2014 U.S. Dist. LEXIS 76351, *11 (C.D. Cal. May 30, 2014) (it

23  was proper for the defendant to calculate back pay at issue by calculating wages in

24  "months between termination and removal…and adding wages for the estimated time

25  between removal and trial"); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist.

26  LEXIS 43753, *4, n. 1 (E.D. Cal. May 31, 2007) (plaintiff "erroneously assumes that

27  the court includes only those wages lost before removal when calculating the amount

28  in controversy.   The court evaluates the amount in controversy at the time of removal,

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

but it may consider both past and future lost wages."); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (affirming proposition that damages claimed at the time of removal may be calculated through the date of judgment).

28.     Here, the median time from the filing of a complaint until trial in the Central District of California is 22.1 months.  *See* United States Courts Statistics, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2 019.pdf.  With a removal date of January 7, 2022, that would mean an estimated trial date of November 10, 2023 – over 2 years following the end of his employment, or approximately 108 weeks.  Accordingly, through the date of likely judgment, Plaintiff's claim for lost wages totals approximately **$67,797.00.**

29.     Plaintiff also seeks to recover future wages – as such, Plaintiff's future wages should also be considered by the Court in calculating the amount in controversy.  *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (the plaintiff … could potentially recover 13 years' of lost wages); *see also James*, 2007 U.S. Dist. LEXIS 43753, *4, n.1.  Although Walmart denies such relief would be appropriate, even one year of front pay would equal an additional approximately **$32,643.00.**

30.     As such, the amount in controversy with respect to Plaintiff's back pay and front pay claims, alone, equals **$100,440.00**.

31.     Plaintiff also seeks to recover an unspecified amount of general damages for "emotional distress."  Complaint, Prayer for Relief, at page 9.  The district court decision in *Rivera v. Costco Wholesale Corporation*, No. C 08-02202 CW, 2008 WL 2740399 at *3-4 (N.D. Cal. July 11, 2008) is instructive on this point.  There, a plaintiff but did not specify the amount sought for emotional distress.  The Court held that because recent jury verdicts in similar cases exceeded $200,000.00, the defendant established that the plaintiff's claim surpassed the $75,000 threshold.  *See Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (a plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).   While Defendant asserts Plaintiff is not entitled to any damages, the same result is potentially warranted here.

32.    Additionally, as the Ninth Circuit has instructed, in determining the amount in controversy, a court may also consider damage awards in similar cases. *Kroske*, 432 F. 3d at 980 (district court properly considered jury verdicts in other age discrimination cases in determining that the jurisdictional minimum was satisfied); *Rivera v. Costco Wholesale Corp.*, No. C08-022022CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008) (considering jury verdicts in other cases to establish amount of emotional distress damages in controversy); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (considering jury verdicts in analogous cases to establish amount of punitive damages at issue).

33.    The following verdicts in other similar actions involving claims for discrimination and harassment based on disability, retaliation, and failure to prevent discrimination and/or retaliation further demonstrate that the amount in controversy requirement is satisfied:  These decisions include *Mootz vs. State of California*, Case No. 05AS04214 (Sacramento County Superior Court, March 27, 2008): $800,000 verdict in case asserting causes of action for age and disability discrimination and retaliation for engaging in protected activity.   Higham Declaration, ¶ 11, at Ex. G. *Lowery vs. YMCA, Inc.*, Case No. SCV077343 (San Bernardino County Superior Court, June 20, 2002): $625,000 verdict in disability discrimination case.   *Id*. ¶ 12, Ex. H.   *Lave v. Charter Communications, LLC*, Case No. RIC-15-08865 (Riverside County Superior Court, May 19, 2017): $575,000 verdict in disability discrimination and retaliation case.   *Id*. ¶ 13, Ex. I.   *Abarca v. Citizens of Humanity, LLC*, Case No. BC5219000 (Los Angeles Superior Court, March 9, 2017): $650,000 verdict in action alleging disability discrimination, retaliation, and failure to prevent and remedy discrimination and retaliation.   *Id*. ¶ 14, Ex. J.   *Snead v. Chino Valley Unified*

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

*School District*, Case No. CIVRS-11- 01184 (Riverside County Superior Court, July 30, 2015): $550,000 verdict in disability discrimination case. *Id*. ¶ 15, Ex. K.

34.     Plaintiff is also seeking to recover her attorneys' fees and costs. *See* Complaint, Prayer for Relief, page 9.   It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).

35.     While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (C.D. Cal. 2002).   Other trial court decisions reveal estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted).   As such, 100 hours is an appropriate and conservative estimate. *Id.*

36.     Moreover, federal courts in California have held that a reasonable rate for employment cases is $300 per hour. *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted).   Taking the conservative estimate of 100 hours, the total amount of fees (at an hourly rate of $300) is approximately, and, at a minimum without even going to trial, $**30,000.00**.     Therefore, Plaintiff's claims for attorneys' fees in

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

combination with Plaintiff's potential lost wage and emotional distress damages, the amount will exceed the $75,000 threshold. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F. 3d 785, 794 (9th Cir. August 8, 2018) (stating that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met).

37.   The Court must also take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *Brady*, 43 F. Supp. 2d at 1009.   California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F. 3d 1357, 1360 (9th Cir. 1994).   A punitive damages award could equal as much as four times the amount of the actual damages award. *See State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

38.   Plaintiff also seeks open-ended relief as "such other and further relief that the Court deems proper and just."   Complaint, at Prayer for Relief.   Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.).

39.   Indeed, Defendant denies that Plaintiff's claims have any merit. Walmart also denies that Plaintiff suffered any damages.   However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, and punitive

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

damages) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

40.    Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. secs. 1332(a)(1) and 1441(a).

## IV.    THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

41.    Pursuant to 28 U.S.C. sec. 1446(a), Walmart has attached to this notice and the declaration of Terry L. Higham, all pleadings, process, orders, and all other filings in the state court action.  *See* Higham Decl., ¶ 5, 6, 7, 8, Exs. A, B and C.

42.    Plaintiff delivered a copy of the Complaint and the Summons on Walmart's agent for service of process on December 9, 2021.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. sec. 1446(b).

43.    Walmart will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of San Bernardino.  *See* Higham Decl., ¶ 10, Ex. F.

44.    As required by 28 U.S.C. sec. 1446(d), Walmart will give notice of this removal to Plaintiff.  *See id.*

/ / /

## V.    VENUE

45.    This action was brought and is pending before the Superior Court of California, County of San Bernardino.  San Bernardino County, California is located within the Central District of California.

46.    Thus, venue is proper pursuant to 28 U.S.C. sec. 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. secs. 1441(a), & 1446(a).

## VI.    CONCLUSION

Defendant has demonstrated substantial objective facts in pleading admissions and publicly available information sources supporting the conclusion that diversity

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

jurisdiction exists here.   The State Court Action is a case where the amount in controversy exceeds the statutory jurisdictional minimum amount.   The State Court Action is a case involving diverse citizens of different states.

WHEREFORE, Defendant prays that the Court will remove this civil action from the Superior Court of the State of California, San Bernardino County, to the United States District Court for the Central District of California.   By removing the action to this Court, Walmart does not waive any defenses, objections, or motions available to it under state or federal law.

Dated:  January 7, 2022                          Respectfully submitted,

                                                 FORD & HARRISON LLP


                                                 By: */s/ Terry L. Higham*_____
                                                     Terry L. Higham
                                                     Mohammad B. Shihabi
                                                     Attorneys for Defendant Walmart Inc.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.

## **PROOF OF SERVICE**

I, Esperansa Reinold, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On January 7, 2022, I served a copy of the within document(s):

### **NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

☐ ELECTRONICALLY: I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by e-mail or electronic transmission. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below.

Ali M. Sachani                                            Attorneys for Plaintiff
George E. Akwo
Raphael B. Hedwat
LAW OFFICE OF RAPHAEL B. HEDWAT
5170 Sepulveda Boulevard, Ste 350
Sherman Oaks, CA 91403
Telephone: (800) 606-1508
asachani@hedwatlaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 7, 2022, at Los Angeles, California.

_____
Esperansa Reinold

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION BY
DEFENDANT WALMART INC.