COPY

ALI M. SACHANI, SBN 234640
GEORGE E. AKWO, SBN: 164670
RAPHAEL B. HEDWAT, SBN: 264527
Law Offices of Raphael Hedwat
5170 Sepulveda Blvd., Ste 350
Sherman Oaks, CA 91403
Tel: 8006061508; Fax: 8885051619
Email: asachani@hedwatlaw.com; gakwo@hedwatlaw.com

Attorney for Plaintiff:
Jose Juan Jr. Diaz

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG 31 2021

BY _____
ASHLEE BAYLESS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

JOSE JUAN JR. DIAZ, an individual,

    Plaintiff,

v.

WALMART, INC., a Delaware corporation, and DOES 1 through 10, inclusive.

    Defendant

CASE NO.: CIV SB 2125325

COMPLAINT FOR DAMAGES:

1. Discrimination Based on Disability
2. Hostile Work Environment Harassment
3. Failure to Prevent Discrimination and Retaliation
4. Failure to Engage in the Interactive Process
5. Failure to Accommodate

BY FAX

Plaintiff hereby alleges:

1. Plaintiff JOSE JUAN JR. DIAZ (hereinafter Plaintiff or "DIAZ") is an individual who resides in the county of Riverside, State of California.

2. Plaintiff is informed, believes, and alleges thereon, that Defendant WALMART, INC. (hereinafter Defendant or "WALMART") is and at all times mentioned herein a Delaware corporation that is and was licensed to do business in California and conducting business at 6750 Kimball Avenue, Chino, CA 91708. At all times mentioned herein WALMART operated through its agents and employees.

3. Plaintiff is ignorant of the true names or capacities of Defendant DOES 1-10 and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of court to amend Plaintiff's Complaint to allege true names and capacities when ascertained. Plaintiff is informed and believes and hereon alleges that each of the Defendants designated, as a DOE is responsible in some manner for the occurrences and damages alleged herein.

4. DIAZ is informed and believes and thereon alleges that each defendant named as a DOE is responsible for each and every act and obligation hereinafter set forth. DIAZ is informed and believes and thereon alleges that each defendant named in the Complaint was at all times herein mentioned and now is the agent, servant and employee of the other defendants herein, and was at all such times acting within the course and scope of said agency and employment and with the consent and permission of each of the other co-defendants, and each of the defendants herein ratified each of the acts of each of the other co-defendants, and each of them.

## COMMON ALLEGATIONS

5. DIAZ worked at WALMART'S Chino location as Packer, starting on October 19, 2020 and worked there through July 20, 2021, when he was terminated while on medical leave. Plaintiff's duties included packing boxes of merchandise, food products and laundry detergents.

6. On or about June 9, 2021, Plaintiff was placed on a work restriction of no lifting over 25 lbs. because of lower back pain and a right eye injury. Plaintiff handed this letter to his supervisor. Thereafter, Plaintiff's supervisor had him go home and contact Sedgwick, Walmart's 3rd party claims administrator.

7. Plaintiff was placed on Total Temporary Disability ("TTD") from June 16, 2021, through 7/31/21 by his doctor.

8. WALMART received notice of the June 16, 2021, letter placing Plaintiff on TTD through the end of July.

9. Regardless of its knowledge that Plaintiff requested an accommodation and was not at work because he was on TTD, WALMART terminated Plaintiff's employment on July 20, 2021, for job abandonment.

10. Plaintiff has exhausted his administrative remedies and obtained a right to sue letter from the Department of Fair Employment and Housing. It is attached hereto as Exhibit "A".

## FIRST CAUSE OF ACTION

### (Discrimination Based on Disability, *Government Code* §§12926, 12940, et seq.)
### (Against Defendant WALMART and DOES 1-10)

11. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Disability.

12. FEHA prohibits discrimination on the basis of physical disability as defined in Government Code section 12926(i), (k) and (l) or on the basis of any other condition covered as a disability under the Americans with Disabilities Act. (See Cal.C.Regs. §7293.7.) Under FEHA, Defendant was barred from discharging plaintiff from employment and discriminating against him in terms, conditions or privileges of employment. [Government Code §12940(a), ( c)]

13. Plaintiff suffered from hearing loss which is a medical condition/disability. As a result of this disability, Plaintiff was rendered disabled because his conditions limited major life activities. Regardless, Plaintiff was capable of performing the essential functions of his position with or without an accommodation. As such, he was and is a qualified individual with a disability and a member of a class protected from disability discrimination under California law.

14. Defendant took adverse employment actions against Plaintiff as set forth above, including terminating his employment as more fully described in this Complaint. Defendant took these actions because Plaintiff was a disabled person or regarded as such. When Defendant engaged in these acts, Defendant treated Plaintiff adversely because of his disability.

15. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain losses in earnings and other employment benefits.

16. As a proximate result of the conduct complained of herein, Plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish shock to his nervous system, all to his general damage in such amount as may be proven at trial.

17. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial.

18. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff hereby requests payment of Plaintiff's attorney's fees incurred in the prosecution of Plaintiff's action, pursuant to Government Code Section 12965 according to proof.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT WALMART & DOES 1-10
(Retaliation in Violation of Cal. Gov't Code Sect. 12940, et. seq.)

19. Government Code Section 12940 requires employers such as Defendant to refrain from retaliating against an employee of the because of protected activity, such as requesting an accommodation for a disability or taking medical leave.

20. As described above, Plaintiff requested an accommodation for his medical conditions and took leave when he was placed on TTD.

21. Plaintiff was retaliated against with unwarranted displipinary actions, including having his employment terminated for job abandonment.

22. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against Plaintiff, he has sustained and continues to sustain losses in earnings and other employment benefits.

23. As a proximate result of the conduct complained of herein, Plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, all to his general damage in such amount as may be proven at trial.

24. In light of Defendant's willful, knowing, and intentional retaliation against Plaintiff, he seeks an award of punitive and exemplary damages in an amount according to proof at trial.

25. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff hereby requests payment of his attorney's fees incurred in the prosecution of Plaintiff's action, pursuant to Government Code Section 12965 according to proof.

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANT WALMART AND DOES 1-10
(Failure to Prevent Discrimination and Retaliation)

26. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Prevent Discrimination & Retaliation.

27. Cal. Gov't Code section 12940(k), and other applicable provisions, make it an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring."

28. Defendant knew, or should have known its actions, as alleged throughout this Complaint and incorporated herein by reference, would constitute retaliation or discrimination against Plaintiff based on Plaintiff's disability and requests for accommodation.

29. Defendant failed to act and/or take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

30. As a direct and proximate result of Defendant's failure to prevent retaliation and discrimination against Plaintiff, he has sustained and continues to sustain losses in earnings and other employment benefits.

31. As a proximate result of the conduct complained of herein, Plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, all to his general damage in such amount as may be proven at trial.

32. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff hereby requests payment of his attorney's fees incurred in the prosecution of Plaintiff's action, pursuant to Government Code Section 12965 according to proof.

## FOURTH CAUSE OF ACTION

### AGAINST DEFENDANT WALMART AND DOES 1-10
(Failure to Engage in the Interactive Process)

33. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to engage in the Interactive Process.

34. FEHA, Cal. Gov't Code section 12940(n), and other applicable provisions, make it an unlawful employment practice for an employer to fail to engage in the interactive process in good faith.

35. Plaintiff suffered from a workplace injury that resulted in a 25 lb work restriction and later TTD. As a result of this disability, Plaintiff was rendered disabled because his conditions limited major life activities. Regardless, Plaintiff was capable of performing the essential functions of his position with or without an accommodation. As such, he was and is a qualified individual with a disability and a member of a class protected from disability discrimination under California law.

36. Defendant knew of Plaintiff's disability/medical condition and the limitations imposed as a result of the disability. Plaintiff could have performed the essential functions of his position with a reasonable accommodation.

37. Plaintiff was willing to engage in the interactive process to determine whether Plaintiff could perform the essential functions of his position with an accommodation.

38. Defendant failed to engage in a timely good faith interactive process with Plaintiff to determine whether a reasonable accommodation could be made.

39. Rather than engaging in the interactive process in good faith, Defendant terminated Plaintiff's employment as described more fully in this Complaint.

40. Defendant's conduct has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damages totaling in excess of the minimum jurisdiction of this Court, the precise amount to be proven at trial.

41. Defendant's failure to engage in the interactive process in good faith was a substantial factor in causing Plaintiff harm.

42. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff hereby requests payment of his attorney's fees incurred in the prosecution of Plaintiff's action, pursuant to Government Code Section 12965 according to proof.

43. Defendant committed the acts alleged herein maliciously, fraudulently, and/or oppressively, in conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to recover and herein requests punitive damages.

///

7
COMPLAINT

## FIFTH CAUSE OF ACTION

## AGAINST DEFENDANT WALMART AND DOES 1-10

(Failure to Provide Reasonable Accommodation)

44. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Accommodate.

45. Plaintiff suffered from a medical condition/disability or perceived disability, as described more fully in this Complaint. Plaintiff's medical conditions limited major life activities, although he could perform the essential functions of his position with an accommodation. As such, he was and is a qualified individual with a disability and a member of a class protected from disability discrimination under California law.

46. Defendant knew or should have known of Plaintiff's disability/medical condition and the work limitations imposed as a result of the disability.

47. Plaintiff could have performed the essential functions of his position with a reasonable accommodation.

48. Defendant failed to provide Plaintiff with reasonable accommodations as prescribed under FEHA.

49. Defendant's conduct has caused Plaintiff injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to each Plaintiff's damages totaling in excess of the minimum jurisdiction of this Court, the precise amount to be proven at trial.

50. Defendant's failure to provide a reasonable accommodation to Plaintiff was a substantial factor in causing him harm.

51. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, in conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to recover and herein requests punitive damages.

52. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff hereby requests payment of his attorney's fees incurred in the prosecution of Plaintiff's action, pursuant to Government Code Section 12965 according to proof.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff DIAZ requests judgment against Defendant, as follows:

1. For general damages and special damages in excess of $50,000 including lost earnings and other employee benefits, past and future, emotional distress, humiliation, and mental anguish;

2. Compensatory, statutory damages, penalties and restitution, as appropriate and available under each cause of action, in amounts to be proven at trial;

3. For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

4. For reasonable attorney's fees incurred by Plaintiff as allowed under each cause of action;

5. For prejudgment and post-judgment interest on all amounts claimed, as allowed by law;

6. For costs of suit incurred by Plaintiff; and

7. For such other and further relief as the court deems proper.

Dated: AUGUST 30, 2021        LAW OFFICE OF RAPHAEL B. HEDWAT, APC

By: _____
Ali M. Sachani
George E. Akwo
Raphael B. Hedwat
Attorney for Plaintiff
JOSE JUAN JR. DIAZ

9
COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

Dated: August 30, 2021

LAW OFFICE OF RAPHAEL B. HEDWAT, APC

By: *[signature]*
Ali M. Sachani
George E. Akwo
Raphael B. Hedwat
Attorney for Plaintiff
JOSE JUAN JR. DIAZ

Exhibit "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 27, 2021

Ali Sachani
5170 Sepulveda Blvd, Ste 350
Sherma Oaks, California 91403

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202108-14595927
Right to Sue: Jr. Diaz / Walmart, Inc.

Dear Ali Sachani:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency — GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** — KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 27, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202108-14595927
Right to Sue: Jr. Diaz / Walmart, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 27, 2021

Jose Juan Jr. Diaz
5170 Sepulveda Blvd, Suite 350
Sherman Oaks, California 91403

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202108-14595927
Right to Sue: Jr. Diaz / Walmart, Inc.

Dear Jose Juan Jr. Diaz:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 27, 2021 because an Immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Jose Juan Jr. Diaz                                    DFEH No. 202108-14595927

                Complainant,

vs.

Walmart, Inc.
6750 Kimball Avenue
Chino, California 91708

                Respondents

---

1. Respondent **Walmart, Inc.** is an **employer Walmart, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jose Juan Jr. Diaz**, resides in the City of **Sherman Oaks**, State of **California**.

3. Complainant alleges that on or about **July 20, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied family care or medical leave (cfra).

**Additional Complaint Details:** DIAZ worked at WALMART'S Chino location as Packer, starting on October 19, 2020 and worked there through July 20, 2021, when he was terminated while on medical leave. Complainant's duties included packing boxes of merchandise, food products and laundry detergents. On or about June 9, 2021, Plaintiff was placed on a work restriction of no lifting over 25 lbs. because of lower back pain and a

-1-
Complaint – DFEH No. 202108-14595927

Date Filed: August 27, 2021

right eye injury. Complainant handed this letter to his supervisor. His supervisor had him go home and contact Sedgwick, Walmart's 3rd party claims administrator.

Complainant was placed on Total Temporary Disability ("TTD") from June 16, 2021, through 7/31/21 by his doctor. WALMART received notice of the June 16, 2021, letter placing Diaz on TTD through the end of July. Regardless of its knowledge that Complainant requested an accommodation and was not at work because he was on TTD, WALMART terminated his employment on July 20, 2021, for job abandonment.

Date Filed: August 27, 2021

# VERIFICATION

I, **Ali Sachani**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On August 27, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sherman Oaks, CA

-3-
Complaint – DFEH No. 202108-14595927

Date Filed: August 27, 2021